## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**JEREMY DALE ROGERS, SR.**                                    **PETITIONER**

**v.**                                                          **No. 3:16CV39-MPM-JMV**

**ATTORNEY GENERAL JIM HOOD, ET AL.**                          **RESPONDENTS**

### FINAL JUDGMENT

The court has considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the petitioner's objections to the Report and Recommendation, and the court finds that the petitioner's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court.

The Magistrate Judge found that the instant petition for a writ of *habeas corpus* should be dismissed because it was untimely filed. Though Mr. Rogers exhausted his state remedies before filing the instant petition, he did not initiate that process until after the federal one-year limitations period of 28 U.S.C. § 2244(d) had expired. The petitioner correctly states that the deadline for state post-conviction collateral relief in Mississippi is three years:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction

Miss. Code. Ann. § 99-39-5.[1] The petitioner argues, however, that it "defies logic" for the clock on the one-year federal *habeas corpus* deadline to begin before the expiration of the limitations

---

[1] Exceptions are when: (1) an intervening change in governing law might change the outcome, § 99-39-5(2)(a)(i), (2) biological evidence exists which might exonerate him, § 99-35-5(2)(a)(ii), or (3) for claims that his sentence has expired or probation, parole, or supervised release was wrongfully revoked, § 99-35-5(2)(b).

period for state post-conviction collateral relief.   The argument, in a nutshell, is that a state inmate seeking federal *habeas corpus* relief should be able to use the normal avenues and deadlines to exhaust the state post-conviction process before the federal clock begins to run.   Indeed, the court agrees that the petitioner's conclusion is a rational one.   It is not, however, the law, as many prisoners seeking *habeas corpus* relief have discovered over the years.   Perhaps the Congress will address this issue in a revision to § 2244(d) in the future, but the law as it stands today does not favor Mr. Rogers' position.

Under the controlling precedent, with limited exceptions which do not apply to the present case, the clock begins to run for the federal *habeas corpus* deadline from the moment the petitioner's conviction "becomes final," but is tolled while the petitioner pursues state post-conviction collateral relief.   *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); and 28 U.S.C. § 244(d)(1) and (d)(2). And, as the Magistrate Judge found, the federal one-year limitations period of § 2244(d)(1) expired before Mr. Rogers even began his pursuit of state post-conviction relief.   Thus, the instant petition for a writ of *habeas corpus* must be dismissed as untimely filed.

It is ordered:

1.      That the Report and Recommendation of the United States Magistrate Judge is hereby **APPROVED AND ADOPTED** as the opinion of the court.

2.      That the instant petition for a writ of *habeas corpus* is **DENIED**.

3.      That this case is **CLOSED**.

**SO ORDERED**, this, the 27th day of March, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**